Dear Mr. Wimberly:
As legal counsel for the Acadia Parish Police Jury, you requested an Attorney General's opinion regarding whether the Jury can reimburse a former employee for legal expenses incurred in defending a Declaratory Judgment. The facts as you have described them are as follows: John H. Quebodeaux was an elected member of the Acadia Parish School Board and was also serving as the Director of Homeland Security and Emergency Preparedness Agency for Acadia Parish. Additionally, on or about August 24, 2004, Mr. Quebodeaux was also appointed as the Director of Operations for the Acadia Parish Police Jury.
On or about September 22, 2004, a Petition for Declaratory Judgment was filed against Mr. Quebodeaux asserting four causes of action related to Mr. Quebodeaux's elected and appointed positions. The first cause of action asserted that Mr. Quebodeaux was in violation of R.S. 42:63(d) in that he held dual offices as an elected member of the Acadia Parish School Board, a full time appointed position as Director of Homeland Security and Emergency Preparedness Agency for Acadia Parish and a full time appointed position as Director of Operations for the Acadia Parish Police Jury. The second cause of action asserted that Mr. Quebodeaux was in violation of R.S. 42:63(e) in simultaneously holding two full time appointed positions, Director of Homeland Security and Emergency Preparedness Agency and Director of Operations. The third cause of action asserted that because the Director of Homeland Security and Emergency Preparedness Agency answers to the Director of Operations, Mr. Quebodeaux was acting in a supervisory role over himself in violation of R.S. 42:61. The fourth cause of action asserted that in his capacity as Director of Homeland Security and Emergency Preparedness Agency and Director of Operations, Mr. Quebodeaux was holding simultaneously incompatible offices in violation of R.S. 42:64. The judge ruled that Mr. Quebodeaux was in violation of R.S. 42:63(d) and ordered him to vacate the positions of Director of Homeland Security and Emergency Preparedness Agency and Director of Operations. The judge further stated that the plaintiffs failed to carry their burden in proving that the Director of Homeland Security and Emergency Preparedness and Director of Operations for the Acadia Parish Police Jury were incompatible offices and cannot be held by the same individual. The judge further ordered that the cost of the proceedings were to be paid by Mr. Quebodeaux.
R.S. 13:5108.1, et seq. provides for the indemnification of state officers and employees for financial loss arising out of claims, demands, suits or judgments where "the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state". However, neither R.S. 13:5108.1, et seq., nor any other provision of state law of which we are aware, provides for the indemnification of the officers and/or employees of municipalities or other political subdivisions.
Nevertheless, this office has consistently opined that if a public official or employee is sued for civil damages and is found not liable and the allegations arose out of the performance of his official functions, then the public body that employs that person may, but does not have to, pay the reasonable attorneys fees and expenses that result from the defense against the suit. See
Attorney General's Opinions Nos. 02-0005, 01-94, 97-248, 96-398, 96-210, 96-95, 85-822. Furthermore, it is our opinion that public funds cannot be utilized to reimburse the legal fees of a public official or employee unless and until such time as the official or employee is exonerated of all liability and wrongdoing arising out of the facts and circumstances alleged in the civil proceeding.See Attorney General Opinion No. 96-95.
Mr. Quebodeaux was not exonerated in the civil proceeding. Mr. Quebodeaux was found to be in violation of R.S. 42:63(d) and was ordered to vacate the positions of Director of Homeland Security and Emergency Preparedness Agency and Director of Operations. The fact that the plaintiffs failed to carry their burden as to one of the causes of action alleged in the petition is of no consequence. Moreover, the Declaratory Judgment involved the issue of dual office holding, which does not arise out of the performance of Mr. Quebodeaux's official functions. Therefore, it is the opinion of this office that the Acadia Parish Police Jury cannot reimburse Mr. Quebodeaux for his attorney's fees in connection with his defense of the Declaratory Judgment.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ________________________
 KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/mjb